# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA STEFFKE, REBECCA METZ, and
NANCY RHATIGAN,

        Plaintiffs-Appellants,

v

TAYLOR FEDERATION OF TEACHERS AFT
LOCAL 1085, TAYLOR PUBLIC SCHOOL
BOARD OF EDUCATION, and TAYLOR
SCHOOL DISTRICT,

        Defendants-Appellees.

UNPUBLISHED
April 7, 2015

No. 317616
Wayne Circuit Court
LC No. 13-002906-CK

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

TALBOT, J. (*concurring*).

        While I concur with the majority, I write separately to express my disappointment in the pleadings.

        On December 11, 2012, Governor Rick Snyder signed 2012 PA 349, "colloquially called a 'right to work law,' " which amended sections of the Public Employment Relations Act (PERA).[1]  PERA, as amended by 2012 PA 349, states in relevant part "that public employers – that is, the government – cannot require governmental employees to join a union or pay union dues, fees, or other expenses 'as a *condition of obtaining or continuing public employment*.' "[2]  In addition, PERA, as amended, provides in part that any agreements between a public employer and labor organization that violate that provision are unlawful and unenforceable, unless such an agreement was already in effect when 2012 PA 349 took effect – which was on March 28, 2013.[3]

        In January of 2013, after 2012 PA 349 was signed but before its effective date, the Taylor Federation of Teachers, AFT Local 1085 (Teachers' Union), and the Taylor School District

---

[1] MCL 423.201 *et seq*; *UAW v Green*, 302 Mich App 246, 249; 839 NW2d 1 (2013).

[2] *Id*., quoting MCL 423.210(3)(d) (emphasis in original).

[3] MCL 423.210(5).

(School District) entered into both a collective bargaining agreement (CBA) and the disputed union security agreement. The 2013 CBA addresses salaries, employee meetings, work schedules, class size, medical insurance, sick days, severance pay, disability pay, teacher evaluations, and other subjects, and expires on October 1, 2017. The union security agreement, which was not fully integrated into the collective bargaining agreement and expires on July 1, 2023, provides that:

> each person employed in the bargaining unit shall either become a member of the [Teachers' Union] and pay dues required of members or agree to pay a service fee in an amount determined by the Union. A service fee will be deducted [by the School District] from the paychecks of persons who fail or refuse to do either.

I would note that, although not adequately pled, because the union security agreement was not fully integrated into the 2013 CBA and was not connected to wages, hours, and other terms and conditions of employment, it could be argued that the union security agreement was illegal because it was not a collective bargaining agreement at all.[4] Rather, it could be asserted that the union security agreement was instead a stand-alone agreement entered into to evade the statutory requirements resulting from the adoption of 2012 PA 349. As the circuit court has jurisdiction over contractual claims, that claim would be appropriately within the jurisdiction of the circuit court.[5]

/s/ Michael J. Talbot

---

[4] See MCL 423.215.

[5] See *Bay City Sch Dist v Bay City Ed Ass'n, Inc*, 425 Mich 426; 436-440; 390 NW2d 159 (1986).